I respectfully dissent.
Ina deVeda Copeland worked for the Cleveland Public Schools for over fifteen years. During the last few years of her career, she suffered from serious bouts of depression and medical problems, which led to her filing for a disability retirement. She was seeing her treating psychiatrist every three months and her treating psychologist about once a week.
Ms. Copeland's treating psychiatrist, Daniel J. Rapport, M.D., reported:
 In summary, it is clear that Ms. Copeland suffers from recurrent major depression, which is now co-morbid with dysthymia, and a personality disorder not otherwise specified with traits of borderline and narcissistic personality disorders. Therefore based on the findings of Dr. Hutzler, Dr. Calabrese, and myself, I do believe that Ms. Copeland is disabled in her ability to work from a purely psychiatric standpoint. I believe that she has been disabled for years, and is not likely to recover.
Stephen A. Kushnick, Ph.D., provided a six-page psychological report at the end of which he concluded:
 It is this evaluator's professional opinion that within a reasonable degree of psychological certainty, Copeland is currently unable to meet the productive and interpersonal demands of the world of work, that this condition will continue unabated, and thus Copeland is deemed permanently and totally disabled.
Jeffrey C. Hutzler, M.D., in his own report, acknowledged that Ms. Copeland suffers from depression, but did not view the depression as disabling.
The report from the Medical Advisory Committee to the School Employees Retirement System after all the reports had been received contains a grand total of thirteen lines of narration. Ten of the lines are a recitation of what has occurred. Of these ten lines, one sentence describes the content of the report of Dr. Rapport. Two sentences describe the contents of the report of Dr. Hutzler.
The analysis of the conflicting reports by the Medical Advisory Committee, at least insofar as it is communicated to the School Employees Retirement Board, is non-existent. Those remaining three lines read:
 On the basis of all of the information presented, we feel Ms. Copeland is not impaired from her regular work duties. We recommend that the decision to deny disability retirement be upheld.
Unfortunately, we live in a time when "independent medical examiners" are not always independent. The examiners are frequently paid by large corporations and large governmental entities which have a vested interest in not paying benefits. Given these facts, the courts, which have a constitutional obligation to review decisions, such as the decision made here, must be provided some insight as to why the professionals who have treated Ms. Copeland for years should have their opinion disregarded and why the opinion of "independent medical examiners" should have their opinions given more weight. In the workers' compensation field, such explanations are required. See State exrel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203. I believe similar explanations should be required for the other governmental entities which administer disability funds.
As a result, I would grant a limited writ of mandamus which compels the School Employees Retirement Board to vacate its previous denial of benefits for Ms. Copeland and to enter a new determination of the merits of her claim for benefits, which determination reflects an adequate explanation as to the weighing of the respective reports and an intelligible discussion of the medical and psychological conditions involved. Since the majority of this panel does not do so, I respectfully dissent.